GEORGE H. VERNON and Wife v. the EXECUTORS of JOHN MARSH, deceased.

Where a testator bequeathed to trustees a legacy for the benefit of an unmarried daughter, with directions, that if she should be desirous to have the money laid out in the purchase of real estate for her use and convenience, whether married or otherwise, the trustees should take the title for any property so purchased, in the name of such daughter only. *Held*, that the trustees were bound to lay out the money in the purchase of real estate, and to take the title in the name of the daughter, whenever she should desire it, al-though her husband (she having married) would thereby acquire an inter-est in the lands which might be charged with his debts.

The intention of the testator is to be taken from the will itself, and not from conversations which took place at the time it was prepared.

BILL by husband and wife, to compel the execution of a trust created in favor of the wife by the will of her father.   The an-swer of the defendants, who are the executors of the will, and trustees therein named, admits the trust; but sets up, by way of defence to the bill, that they are willing and desirous to exe-cute the trust, but that the cestui que trust herself was unwilling that the fund should be invested, as prayed in the bill; that the effect of such investment would be to contravene the intention of the testator, as declared to two of the trustees at the time of executing the will; and submitting for the decision of the court the construction to be given to the clause in the will creating the trust.   The answer further states, that it had been agreed be-tween the parties and their counsel that the bill should be filed in order that the true construction of the will might be settled, and the duty of the defendants touching the trust pointed out by the court.

[Vernon v. Ex'rs of Marsh.]

The cause was heard upon bill and answer.

*W. Pennington*, for complainants.

*J. J. Chetwood*, for defendants.

THE CHANCELLOR.    The case, as made by the pleadings, is with the defendants.    They were constituted trustees by the will, and directed to invest the sum of three thousand dollars, given to Eliza Ann Marsh, the complainant, (then being unmarried,) at safe interest, and to collect and pay over the interest regularly to the said Eliza Ann, in her own proper person, taking her receipt alone therefor, and not otherwise; and they were further charged and directed, that if either of the daughters of the testator should be desirous to have her money, or part thereof, laid out in the purchase of real estate, for her use and convenience, whether married or otherwise, they should take the title for any property so purchased in the name of such daughter only.

The bill charges, that the complainants have agreed to purchase a house and lot in Newark, and that the trustees are unwilling that the title shall be made to the said Eliza Ann Vernon—she being the daughter of the testator, as named in the will, and insist on having the title made to themselves.

This is denied by the trustees.    They say they have no desire to have the title in themselves, and are desirous to be relieved from the trust; but that the daughter herself is unwilling that the title should be taken in her name, if by so doing the property will be liable to be charged in any way with the debts of her husband.    The trustees having been advised that such will be the result, have refused to pay the money and take a title in the name of Mrs. Vernon, the daughter.    This unwillingness on the part of the daughter is explicitly and repeatedly alleged by the defendants in their answer, and the facts must be taken as true.    The case is thereby relieved from difficulty; for it is evident from the will, that the trustees can act only on the desire of the wife, and not that of the husband.    There is no such desire made out.

[Vernon v. Ex'rs of Marsh.]

but the contrary, and there must be a decree for the defendants, with costs.

The object of the parties appears to have been, to obtain a legal construction of the will. The cause may be disposed of without giving such construction; but to prevent further litigation or difficulty, I am satisfied to say, that the trustees are bound by the will to lay out the money in the purchase of real estate, whenever the wife shall so desire it, bona fide, and understandingly; and that they are not to be governed by the consideration, that the husband will thereby acquire an interest in the lands, which may be charged with his debts. The directions of the will in this behalf are very plain. The intention of the testator is to be taken from the instrument, and not from conversations which took place at the time it was prepared; and laying those conversations aside, there can be no reasonable doubt as to the proper construction of the will, or the duty of the trustees under it.

Let the bill be dismissed.